DE NUBER, Consul General of Austria-Hungary, v. MILLARD, Surrogate.

(Supreme Court, Appellate Division, Second Department. October 11, 1912.)

EXECUTORS AND ADMINISTRATORS (§ 513*)—SETTLEMENT OF ESTATES—JUDGMENTS—CONCLUSIVENESS.

Where no appeal was taken from a decree of the Surrogate's Court, rendered on the settlement of an executor's account, which denied the demand of the consul general of a foreign country that money given by will to minors, citizens and residents of the foreign country, should be paid over to him, the consul general could not thereafter maintain an ex parte motion to the surrogate for an order for the payment of such moneys to him.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2267–2291; Dec. Dig. § 513.*]

Appeal from Special Term, Westchester County.

Application by Alexander De Nuber, as Consul General of Austria-Hungary, for a writ of mandamus against Frank V. Millard, Surrogate of the County of Westchester, to compel the Surrogate to order the payment to the Consul General of sums severally owned by minors, citizens and residents of the empire of Austria, and given to them by will probated in the county of Westchester. From an order denying the application, the applicant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Samuel Leavitt, of New York City, for appellant.
Arthur J. Burns, of Yonkers, for respondent.

THOMAS, J. The appeal is from an order denying an application for a writ of mandamus requiring the surrogate to order the payment to the consul general of Austria-Hungary of sums of money on deposit with the county treasurer and severally owned by minors, citizens and residents of the empire of Austria, and given to them by will probated in the county of Westchester, N. Y. Upon the settlement of the testator's estate, the moneys were decreed to be paid to the guardian of such minors, duly appointed and qualifying, and, in fail-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

ure thereof within a time limited, to be deposited with the county treasurer to the credit of the minors.

The consul general applied ex parte to the surrogate for an order for the payment of the moneys to him, and the same was denied. In the proceeding for the settlement of the executor's account, the consul general appeared and was represented by attorney, and among other things demanded that the legacies to the minors be paid to such consul general; but the same was denied, and no appeal from the decree was taken. The present application is to compel the surrogate to order done what the decree denies; that is, to decree against his decree. There was a complete remedy open to the appellant, and he omitted to avail of it, and by this ex parte motion to the surrogate and by this application he is moving the surrogate to readjudicate what was adjudicated upon formal issue raised by the petitioner. However desirable it may be to have decision upon the merits by an appellate court, the matter cannot be regarded as presented in a legal or appropriate manner.

The order should be affirmed, with $10 costs and disbursements. All concur.